UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOHN K. COOPER, SR.                                  CIVIL ACTION

Versus                                               NO.: 12-1731

JAZZ CASINO COMPANY, LLC, D/B/A                      SECTION: "F"
HARRAH'S NEW ORLEANS, ET AL.

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

**Background**

This race discrimination case began in Louisiana state court over six years ago, and has now been removed to this Court for the third time. The plaintiff, John K. Cooper, worked for the Jazz Casino Company, which operates in New Orleans as Harrah's Casino. The defendants John Payne and Dave Tannen also worked for Harrah's, Payne as a general manager and Tannen as an assistant general manager.

Plaintiff asserts that the defendants discriminated against him because of his race by paying him less than they paid white employees for similar tasks, and for eventually firing him based on the false claim that he had stolen money from Harrah's and also because he had played in a privately organized, off-site poker tournament.

Cooper sued in state court, in early March 2005, asserting "violation of Louisiana discrimination laws" and seeking "all

1

amounts commensurate with his damages to include loss of reputation, loss of income past, present and future, loss of employment, loss of his ability to earn money in his trained occupation, loss of benefits, loss of job opportunity, emotional distress, as well as all compensatory and statutory damages, including attorney fees, all as provided for by law."

The defendants initially removed the case to this Court on the basis that the plaintiff was seeking "penalties" in his complaint. Such penalties, the defendants extrapolated, were only available under federal law, and thus the plaintiff's claim was in fact a federal discrimination claim masquerading as a claim under Louisiana law. This Court disagreed, and in its August 15, 2005 Order and Reasons remanded the case.

The case continued in state court for a number of years. The defendants moved for summary judgment in May 2011, which the state court denied. Defendants moved for reconsideration of the state court's decision in November 2011, which was also denied. Shifting their tactics, the defendants filed an exception of prescription in mid-March 2012, asserting that plaintiff's race discrimination claim was time-barred. When the plaintiff filed an opposition memorandum to the defendant's exception of prescription, the defendants seized on certain passages of the response, and for a second time removed the case, arguing that the cited passages prove that the plaintiff's race discrimination

claim arises under federal law.  The Court remanded the case and awarded the plaintiff attorney's fees associated with seeking the remand in its Order and Reasons dated June 19, 2012.

Defendant has now removed the case to this Court a third time.  Plaintiff once more seeks remand.

I.

The removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction.  See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868, 114 S. Ct. 192, 126 L.Ed.2d 150 (1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).  In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand.  York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

II.

The defendant's persistence in removing a case that does not belong in federal court is an unprofessional example of crass forum shopping.  This is now the third time that this case has been removed to this Court although state court litigation has been pending for six years.  Defendant's sole basis for this latest removal is the plaintiff's reply memorandum to his own motion in the already-remanded case (a reply memorandum which is

3

not a part of the record, because the Order and Reasons remanding the case issued before the Court even had a chance to consider the plaintiff's motion for leave to file a reply memorandum).

A reply memorandum - contrary to the defendant's hopelessly flawed assertion - is not a pleading. See, e.g., Colony Ins. Co. v. Jack A. Halprin, Inc., 2012 U.S. Dist. LEXIS 95982, at *12 (D. Conn. July 11, 2012); Marshall v. Webster Bank, N.A., 2011 U.S. Dist. LEXIS 5665, at *36 (D. Conn. Jan. 20, 2011) ("As an initial matter, a reply memorandum is not a "pleading."); Coles Express v. New England Teamsters & Trucking Industry Pension Fund, 702 F. Supp. 355, 356 (D. Me. 1988) ("There is no question that a reply memorandum is not a pleading."). And there is no evidence that the plaintiff has amended his state court petition since it was filed in 2005 to unambiguously assert a federal claim.  It is elementary that federal courts look to the pleadings in determining whether a case presents a federal question.  See, e.g., Mitchell v. Acumed, LLC, 2011 U.S. Dist. LEXIS 62641, at *9 (N.D. Cal. June 13, 2011) ("the Court looks to the pleadings, not the speculation of the parties, to determine whether removal was proper.").  The pleadings in this case reveal no such federal question – neither seven years ago, nor now.

III.

The plaintiff also moves the Court for attorney's fees and costs associated with the improper removal.  Title 28 United

4

States Code Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The United States Supreme Court has instructed that:

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under Section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. See, e.g., Hornbuckle, 385 F.3d at 541; Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 293 (CA5 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under Section 1447(c).

The Court is once again left with the firm impression that there was no objective basis for removal. Defendant's attempt to use a reply brief which was never a part of the record in this case to establish federal question jurisdiction is conduct which defames and ignores clearly-established federal practice regarding removal.

Accordingly, IT IS ORDERED: that the motion to remand is GRANTED, and defendants shall pay the plaintiff attorney's fees

and costs pursuant to Section 1447(c).  The determination of the amount of such fees and costs is REFERRED to the Magistrate Judge.[1]

                          New Orleans, Louisiana, July 24, 2012.

                                      MARTIN L. C. FELDMAN
                                UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff might also wish to consider whether 28 U.S.C. Section 1927 applies.